```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

GLADES          CORRECTIONAL
DEVELOPMENT CORPORATION, a
Florida corporation,

    Plaintiff,

v.                                    Case No: 2:17-cv-463-FtM-29MRM

SELL & MELTON, L.L.P., a
Georgia limited liability
partnership and R. CHIX
MILLER, individually,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on the Motion to Stay Proceedings (Doc. #20) filed by Medmarc Casualty Insurance Company on November 15, 2017. Plaintiff filed a Response in Opposition (Doc. #21) on November 28, 2017. For the reasons set forth below, the Court denies the Motion to Stay.

**I.**

This is a legal malpractice suit in which Glades Correctional Development Corporation (Glades or Plaintiff) accuses Sell & Melton, L.L.P. and one of its attorneys, R. Chix Miller (Miller), of negligently providing incorrect advice regarding the tax implications of a set of revenue bonds Glades wanted to issue.[1] After being sued, Sell & Melton submitted a claim under an

---

[1] Sell & Melton removed the case to this Court under 28 U.S.C. § 1441, asserting the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. #1.)

insurance policy issued by Medmarc Casualty Insurance Company (Medmarc). (Doc. #20, p. 2.) Medmarc is not a party to this lawsuit but has been providing Sell & Melton with a defense under a reservation of rights.[2] (Doc. #21, p. 10.)

Recently, Medmarc filed suit in Georgia federal court requesting a declaration that it owes Defendants no duty of defense or indemnification in connection with this malpractice action.[3] (Doc. #20, p. 1.) Medmarc now asks the Court to stay these proceedings until the declaratory judgment action is resolved. Plaintiff opposes a stay as unwarranted and prejudicial. Defendants have not responded to the Motion.

## II.

It has long been observed that:

> the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) (citations omitted). Despite a court's discretion, it is "[o]nly in rare circumstances [that] a litigant in one cause [should] be compelled to stand aside while a litigant in another settles the rule of law

---

[2] The original Complaint (Doc. #2) names only Sell & Melton as a Defendant. Per the Court's leave (Doc. #22), the Complaint has been amended to assert claims against Miller. (Doc. #24.)

[3] Medmarc Cas. Ins. Co. v. Sell & Melton LLP, Case No. 5:17-cv-449 (M.D. Ga.).

that will define the rights of both." Id. A movant thus has a heavy burden of convincing the court that a stay is warranted. Id. ("[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward . . . ."). In considering whether a stay is warranted, courts in this district have considered a number of factors, including: "(1) whether a stay will simplify the issues and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and the court; and (3) whether the stay will unduly prejudice the non-moving party." Shire Dev. LLC v. Mylan Pharm. Inc., No. 8:12-CV-1190-T-36AEP, 2014 WL 12621213, at *1 (M.D. Fla. July 25, 2014) (citing Lifewatch Servs., Inc. v. Medicomp, Inc., No. 6:09-cv-1909-Orl-31DAB, 2010 WL 963202, at *1 (M.D. Fla. Mar, 16, 2010)).

To support the claim that this Court should exercise its stay discretion here, Medmarc invokes a Georgia Court of Appeals case commissioning the following procedure where an insurer contests its coverage obligations:

> Upon learning of facts reasonably putting it on notice that there may be grounds for noncoverage and where the insured refuses to consent to a defense under a reservation of rights, the insurer must thereupon (a) give the insured proper unilateral notice of its reservation of rights, (b) take necessary steps to prevent the main case from going into default or to prevent the insured from being otherwise prejudiced, and (c) seek immediate declaratory relief **including a stay of the main case pending final resolution of the declaratory judgment action**.

(Doc. #20, pp. 2-3 (quoting Richmond v. Ga. Farm Bureau Mut. Ins. Co., 231 S.E.2d 245, 248 (Ga. Ct. App. 1976)).) Medmarc believes a stay is the "fairest" approach here; otherwise, it will be "forced to defend a lawsuit for an insured while, at the same time, litigating a suit against the insured." (Id. pp. 4, 5.) Furthermore, Medmarc believes that the answer to whether coverage is available under the Policy for Plaintiff's claims "could very well effect [sic] the resolution" of this case. (Id. p. 4.)

The Court does not agree that a stay is warranted here. Even assuming Richmond, a Georgia state case, applies in the Middle District of Florida, it is not clear that the case is instructive in this instance.[4] The Richmond court was troubled by insurers' practice of "giv[ing] an insured a **unilateral** notice of reservation of rights and thereupon proceed[ing] with a complete defense of

---

[4] Plaintiff's Response in Opposition argues that Richmond addresses a Georgia procedural matter and has no binding application on any federal court, let alone one in Florida. (Doc. #21, p. 3 (quoting Markel Int'l Ins. Co. v. O'Quinn, 566 F. Supp. 2d 1374, 1378 (S.D. Ga. 2008) ("[T]he Court's decision on the motion to stay . . . . is procedural, not substantive, and the Court's decision on the motion to stay is not controlled by state law pursuant to Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), and its progeny.")).) To the extent Florida state law may apply, see State Farm Fire & Cas. Co. v. LeBlanc, 494 F. App'x 17, 23 (11th Cir. 2012), it seems clear that whether to stay an underlying suit pending resolution of an insurer's declaratory judgment action falls within a court's sole and sound discretion. See Canal Ins. Co. v. Reed, 666 So. 2d 888, 892 (Fla. 1996) ("[W]e must also stress that [a declaratory judgment as to insurance coverage] will not *automatically* result in a stay in the independent underlying cause of action. . . . because the underlying . . . action is separate and distinct from the insurance coverage dispute. The trial judge has the discretion to stay the underlying action between the parties pending resolution of the appeal or to permit it to continue concurrently with the appeal process.").

the main claim absent [the] insured's express or implied consent." Richmond, 231 S.E.2d at 248 (emphasis added). As such, the obligations described above are triggered only if the "insured refuses to consent to a defense under a reservation of rights." Id.; LeBlanc, 494 F. App'x at 23 (observing that Richmond's requirements do not apply "if the insured party does not object to the reservation of rights"). There is no allegation or indication that Defendants have objected to Medmarc's reservation of rights.

Nor are the traditional factors supporting a stay present here. There is no compelling evidence that resolution of Medmarc's insurance coverage action will simplify issues implicated in, or otherwise streamline the resolution of, this legal malpractice suit. It is, of course, conceivable that a declaration of no duty to defend or indemnify on Medmarc's part could affect *Defendants'* strategy in this case. However, Defendants have not responded to the Motion to Stay, and Plaintiff has asserted that it "unequivocally intends" to pursue its claims, regardless of the outcome of the declaratory judgment action. (Doc. #21, pp. 10-11.) What is more, the losing party in Medmarc's action may choose to appeal that decision, potentially prolonging a stay in this case.

Finally, the Court is not convinced that Medmarc, which is already defending this case and accruing the costs associated therewith, will be significantly prejudiced without a stay. If anything, this case's continuance should motivate Medmarc to

proceed expeditiously with its declaratory judgment action in Georgia federal court. See Reed, 666 So. 2d at 892 ("[I]t would be in the best interests of all the parties for coverage issues to be resolved as soon as possible.").

Accordingly, it is hereby

**ORDERED:**

Nonparty Medmarc Casualty Insurance Company's Motion to Stay These Proceedings is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this 19th day of December, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record